IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. AP-75,548, AP-76,549, AP-76,550 & AP-76,551






EX PARTE JOHN E. OSHIA, Applicant









ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS

CAUSE NOS. 1115355-A, 1115356-A, 1115357-A, and 1115358-A IN THE 263rd
DISTRICT COURT

FROM HARRIS COUNTY





 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of four
separate aggravated sexual assault of a child offenses and sentenced to fifteen years' imprisonment
in each cause. He did not appeal his convictions. 

 Applicant contends that his sentences are illegal. The record reflects the Applicant was
originally assessed two five year sentences and two ten year sentences in these cases. The imposition
of the sentences was then suspended, and the Applicant placed on community supervision for ten
years. The State subsequently filed motions to revoke the Applicant's release to community
supervision, and the trial court sentenced the Applicant to fifteen years' imprisonment in each cause.

 The Applicant is entitled to relief. As correctly noted by the trial court, when a defendant
has his community supervision revoked, a court may dispose of the case as if there had been no
community supervision, or upon proper determination, may sentence a defendant to a shorter term
of confinement. Tex Code Crim. Proc. Art. 42.12 § 23(a). 

 Relief is granted. The sentences in Cause Nos. 1115355-A, 1115356-A, 1115357-A, and
1115358-A in the 263rd Judicial District Court of Harris County are set aside, and Applicant is
remanded to the custody of the sheriff of Harris County to answer the charges as set out in the State's
motions to revoke community supervision.

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division.


Delivered: May 11, 2011

Do Not Publish